**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KAHTAN JABBOUR,
                Appellant,

        v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                Agency.

DOCKET NUMBER
DC-831M-19-0001-I-1

DATE: May 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nicholas Jabbour</u>, Bethesda, Maryland, for the appellant.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

    The appellant has filed a petition for review of the initial decision, which dismissed his appeal challenging the Office of Personnel Management (OPM)'s reconsideration decision denying his request for a waiver of the collection of payment of life insurance premiums that had not been deducted from his Civil

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Service Retirement System (CSRS) annuity.[2]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to include an analysis of OPM's evidence that the appellant was returned to the status quo ante following its rescission of the reconsideration decision, we AFFIRM the initial decision.

## BACKGROUND

According to the appellant, he retired from Federal service in 2006, after which he was a rehired annuitant through 2008.  Initial Appeal File (IAF), Tab 1 at 5.  He claims that, in 2013, he noticed that his monthly retirement statements did not contain a line item deduction for his life insurance coverage and contacted OPM about his concern.  *Id*.  On August 31, 2017, OPM issued an initial decision indicating that the appellant owed $28,627.91 for life insurance premiums that were never deducted from his monthly retirement annuity and set a collection schedule of 36 monthly installments of $791.21 and a final payment of $0.35.

---

[2] The administrative judge stated that the appeal concerned the appellant's Federal Employees' Retirement System annuity.  Initial Appeal File (IAF), Tab 26, Initial Decision at 1.  Upon close examination of the record, it appears that the appellant was in CSRS.  IAF, Tab 13 at 4-6, 10-11.  This distinction does not affect the outcome of the appeal.

IAF, Tab 12 at 7, 10. The appellant requested reconsideration of this decision, seeking a waiver of the payments. IAF, Tab 13 at 26. On August 27, 2018, OPM issued a reconsideration decision, denying the appellant's request for a waiver and finding the appellant responsible for the underpayment of his life insurance premiums. IAF, Tab 12 at 4-6.

On September 29, 2018, the appellant filed the instant appeal challenging OPM's reconsideration decision. IAF, Tab 1. On February 12, 2019, while the appeal was pending before the administrative judge, OPM submitted a pleading indicating that it was rescinding its reconsideration decision. IAF, Tab 25 at 4. OPM further indicated that it would review the appellant's claims again and "address them accordingly." *Id*. at 5 (emphasis removed). The next day, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 26, Initial Decision.

On March 20, 2019, the appellant filed a petition for review, arguing that the dismissal was improper because OPM had not returned him to the status quo ante by refunding the money it had already collected from him prior to the rescission of the reconsideration decision. Petition for Review (PFR) File, Tab 1 at 4, 8-9. He identified the amount improperly collected as $795.21. *Id*. at 7. OPM filed a response, asserting that, on April 1, 2019, it issued a refund to the appellant in the amount of $795.21. PFR File, Tab 4 at 5. OPM included a computer printout supporting its assertion. *Id*. at 6. The appellant did not file a reply to OPM's response addressing its claim that it refunded him the collected overpayment amount. On August 1, 2019, the Office of the Clerk of the Board issued an order requiring the appellant to submit evidence and argument addressing OPM's assertion that it had refunded him the appropriate amount and whether his petition for review had been rendered moot. PFR File, Tab 5 at 2. The Office of the Clerk of the Board informed the appellant that, if he failed to respond to the order, "the Board may accept OPM's submission as accurate." *Id*. The appellant did not file any such evidence or argument.

## DISCUSSION OF ARGUMENTS ON REVIEW

If OPM completely rescinds a reconsideration decision, its rescission divests the board of jurisdiction over the appeal in which that reconsideration decision is at issue. *Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240, ¶ 7 (2016). A complete rescission requires OPM to return the appellant to the status que ante. *Id*. Status quo ante means placing the injured party, as near as possible, in the position that he would have held had "the wrong not been committed." *Id*. Thus, to rescind a final overpayment decision, OPM must, among other things, refund any money that it already collected from the appellant to recoup the alleged overpayment. *Id*., ¶ 8.

The sole issue before the Board is whether OPM "completely" rescinded its reconsideration decision. The appellant identified the amount at issue in his petition for review. PFR File, Tab 1 at 7. OPM responded, claiming that it had refunded the appellant the identified amount and submitting documentary evidence to that effect.[3] PFR File, Tab 4 at 5-6. As stated above, the Office of the Clerk of the Board provided the appellant with an opportunity to dispute OPM's claim that it had refunded the payment and informed him that if he did not respond the Board may accept OPM's submission as accurate. PFR File, Tab 5. The appellant did not respond to this order. Based on the foregoing, we find that OPM's assertion that it refunded the $795.21 and the documentary evidence in support thereof are sufficient to establish that it returned the appellant to the status quo ante. Accordingly, we find that OPM completely rescinded the reconsideration decision. *See Campbell*, 123 M.S.P.R. 240, ¶ 8. We modify the initial decision to include an analysis of OPM's evidence that the appellant was returned to the status quo ante.

---

[3] Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Here, the document submitted on review is dated April 1, 2019, and appears to contain information that was not available when the record closed below. Accordingly, we have considered it.

We deny the appellant's petition for review and affirm the initial decision's dismissal for lack of jurisdiction. *Id.*, ¶ 7 (stating that if OPM rescinds its final decision the Board is divested of jurisdiction). If OPM issues a new reconsideration decision adverse to the appellant, he may file a new appeal with the Board consistent with its regulations.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.